I respectfully dissent from Judge Farmer's opinion, concurred in by Judge Edward's, as it pertains to appellant's first assignment of error.
In Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, the court stated:
 Whether the prejudgment interest in this case should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date at which arbitration of damages would have ended if Grange had not denied benefits, or some other time. . . is for the trial court to determine.
 Id. at 342.
Based upon the above quoted language in Landis, I can not agree the trial court abused its discretion in ordering prejudgment interest calculated from the date of the accident.
As did Judge Edwards, I disagree with Judge Farmer's disposition of appellant's second assignment of error.
R.C. 2711.16 is a jurisdictional statute. Appellant does not assert the Stark County Common Pleas Court lacked jurisdiction.[1] Furthermore, appellant does not claim the trial court erred in not conducting a hearing on its motion to transfer. Appellant's argument in the trial court focused upon where the accident occurred, the residence of its insured tortfeasor and where the policy of insurance was issued to appellee. Appellant argued because it "stands in the shoes" of the tortfeasor, the proper venue is the county where the tortfeasor resides (Tuscarawas).
The arbitration award appellee sought to judicially confirm lists appellant as the only defendant. It is the appellant who is the named party in this appeal, not the tortfeasor. Clearly it is the appellant who is the real party in interest herein.
In its ruling on appellant's motion to transfer, the trial court stated:
 The court finds that the policy expressly permits the affirmation of the arbitration award to be made by any court having jurisdiction thereof.
January 27, 2000 Judgment Entry at 1, unpaginated.
Because appellant's own policy authorized affirmation of the arbitration award in any county having jurisdiction (as opposed to venue) and because the record fails to affirmatively demonstrate the Stark County Court of Common Pleas did not have jurisdiction under R.C. 2711.16, the trial court did not abuse its discretion in denying appellant's motion to transfer.
[1] Appellant makes no reference to either R.C. 2711.16 or Civ.R. 3(B) in its brief to this Court.